**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAY CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   26-00058 (UNA) |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a form pleading captioned "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money" and an application to proceed *in forma pauperis* (IFP).   For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues the District of Columbia, the State of Maryland, and Salvation Army Harbor Lights Center and Adams Place NE Homeless Shelter, both located in Washington, D.C.   The alleged amount owed is "88500000000000000000000000 USD."   Compl., ECF No. 1 at 4.   In addition to that astronomical sum of money, Plaintiff seeks a "Criminal Prosecution" and a "Barring Notice, Injunction Relief." *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).   Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement

of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). They also assist the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has not alleged a coherent set of facts to "give the defendants fair notice" of the claims for damages and injunctive relief, *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016), and a private citizen like Plaintiff "lacks a judicially cognizable interest in the [criminal] prosecution . . . of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: April 7, 2026

2